IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WARREN CRAIG EBY,<br><br>        Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE, as COMMISSIONER for the SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:08cv584 CW |

Now before the court are Plaintiff Warren Craig Eby's objections to a Report and Recommendation recommending that the decision of the Administrative Law Judge denying of Disability Insurance Benefits to Plaintiff be affirmed (the "R & R"). For the reasons discussed below, the court SUSTAINS in part and OVERRULES in part Mr. Eby's objections to the R & R and REMANDS this action to the Commissioner for the Social Security Administration for further proceedings in line with this Order.

**BACKGROUND**

As mentioned, this case involves the denial of Disability Insurance Benefits to Mr. Eby by the Commissioner of the Social Security Administration. Mr. Eby appealed that denial to this court, and the case was referred to Magistrate Judge Samuel Alba under 28 U.S.C. § 636(b)(1)(B). Judge Alba then issued the R & R, recommending that this court uphold the

Commissoner's denial of benefits. Mr. Eby filed a timely "placeholder" objection to the entire R & R and the court granted him leave to later file his specific objections, which he did. In particular, Mr. Eby objects to the R & R's reasoning with respect to the ALJ's severe impairment determination, the weight the ALJ gave the treating physician, and the ALJ's residual functional capacity determination. Mr. Eby also objected to Judge Alba's denial of his request for oral argument.

The background facts in this case are set forth in the administrative record, and the key portions are cited in the briefing and the R & R.

## ANALYSIS

**I.   Legal Standards**

    **A.   Review of Magistrate's Report and Recommendation**

Under 28 U.S.C. § 636(b)(1), when a party objects to a report and recommendation by a magistrate judge on a dispositive motion, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." To aid in this *de novo* review here, the court has reviewed the administrative record, the parties' briefing before Judge Alba, as well as, of course, the R & R and the briefing on Mr. Eby's objections to the R & R.

After the district court makes its review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### B. Review of ALJ Decisions in Social Security Cases

The R & R correctly sets out the legal standard for a district court's review of a decision by the Commissioner to deny benefits.

## II. Severe Impairments

In his initial brief before Judge Alba, Mr. Eby cited several conditions Mr. Eby suffered that he contends the ALJ should have decided qualified as severe impairments. Judge Alba rejected these arguments in the R & R. In his objection to the R & R, Mr. Eby has limited his argument about severe impairment to an assertion that the ALJ should have developed a record on Mr. Eby's back disorder. If the ALJ had done so, Mr. Eby argues, the ALJ would have found that the back disorder was a severe impairment.

Mr. Eby did not make this particular argument, however, when he was before Judge Alba. Instead, he generally argued that his back disorder should have been found to be a severe impairment. The Tenth Circuit has held that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Carter*, 75 F.3d 1421, 1426 (citations omitted). Accordingly, the court will not consider this argument. Mr. Eby's objection to the R & R's recommendation that the ALJ's decision about what qualified as severe impairments is therefore OVERRULED. The R & R's findings and conclusions on this point are therefore ADOPTED as the order of this court.

## III. Dr. Reimer's Opinion

Mr. Eby asserts that the R & R erred because it approved the ALJ's decision not to give controlling weight to Dr. Reimer's opinion that Mr. Eby would miss more than four days of work

3

a month due to his impairments. As explained below, the court cannot sustain the R & R's conclusion that the ALJ was correct on this point, at least without more explanation.

The Commissioner gives a treating physician's opinions controlling weight unless an opinion is not well supported by acceptable techniques or is inconsistent with other substantial evidence. *See* 20 C.F.R. § 404.1527(d)(2). "To reject a treating physician's opinion requires 'specific, legitimate reasons'. . ." *Miller*, 99 F.3d at 976 (citation omitted). In discussing the weight he gave Dr. Reimer's opinions, the ALJ acknowledged that Dr. Reimer was Mr. Eby's treating physician and that for the most part, Dr. Reimer's opinions were well supported and internally inconsistent. The ALJ did not give controlling weight, however, to Dr. Reimer's opinions, particularly his opinion that Mr. Eby's impairments would cause him to miss more than four days a month of work. In supporting this decision, the ALJ reasoned that "Dr. Reimer did not explain this restriction, nor is it echoed or supported by the remainder of the medical evidence of record." (Tr. 32.) The ALJ concluded that he would therefore only give "Dr. Reimer's opinions persuasive weight." (*Id.*)

There are two problems with the ALJ's analysis on this point. First, Dr. Reimer's conclusion that Mr. Eby would miss over four days a month, while not specifically explained, finds support in the report in which Dr. Reimer made that statement. For example, immediately before opining that Mr. Eby would miss that much work, Dr. Reimer asserted that Mr. Eby's impairments were "likely to produce 'good days' and 'bad days.'" (Tr. 335.) In the same report, moreover, Dr. Reimer discusses both Mr. Eby's impairments and his abilities in the context of performing work-related tasks. (*See* Tr. 332-335.) Finally, in the context of the particular report

4

in question, it would be unexpected for Dr. Reimer to provide an explanation of his conclusion that Mr. Eby would miss more than four days: that conclusion was made in the form of an "X" mark in a box in response to a form question. (Tr. 335.) No room is provided in the report to provide an explanation of that opinion, and no explanation is called for. (*See id.*) Nothing in the report or the cited evidence is directly inconsistent with Dr. Reimer's opinion and indeed, appears to be "internally consistent," as the ALJ noted, with his finding. In light of these facts, the report does provide "specific findings" of the type called for by *Castellano v. Secretary of Health and Human Servs.*, 26, F.3d 1027, 1029 (10th Cir. 1994) to support Dr. Reimer's opinion, even though Dr. Reimer did not explicitly connect the findings to the opinion. Accordingly, Dr. Reimer's failure to expressly explain his opinion was not a legitimate reason for the ALJ to conclude that Dr. Reimer's opinion should not be given controlling weight.

Second, the ALJ did not explain why he concluded that none of the other medical evidence in the record gave support to Dr. Reimer's opinion. Without an explanation of how the rest of the record failed to support Dr. Reimer's opinion– and more importantly, how the rest of the evidence was inconsistent with that opinion– the court is unable to agree that the ALJ's refusal to give this opinion controlling weight was supported by specific and legitimate reasons.

The R & R's reasoning in recommending that the ALJ be upheld on this point does not convince the court otherwise. At pages 11-13, the R & R lists various findings of other providers and details the findings in a report by Dr. Johnsen. The R & R concludes that these facts support the ALJ's refusal to give Dr. Reimer's opinion controlling weight. The R & R does not explain, however, the ways in which the cited facts are inconsistent with Dr. Reimer's opinions. That Mr.

5

Eby had "visual acuity" on the day he was examined, or performed the other tasks describe by Dr. Johnsen on that day do not, without more, lead to a clear conclusion that Dr. Reimer's opinion was unsupported. The court agrees that the cited medical findings seem like they could be inconsistent with Dr. Reimer's opinions. But without medical expertise to assist it, the court has no confidence that it can accurately distinguish between actual and apparent inconsistencies.[1] To try to make such determinations would amount to the type of "speculation" and "lay opinion" that the Tenth Circuit has rejected as a ground to give lesser weight to a treating physician's opinion. *Robinson v. Barnhard*, 366 F.3d 1078, 1082 (10th Cir. 2004) (citation and internal quotation marks omitted).

In fact, it is worth noting that Dr. Johnsen and Dr. Reimer seem to offer consistent views on key points. For example, both Dr. Reimer (Tr. 333) and Dr. Johnsen (Tr. 517) conclude that Mr. Eby is capable of working. Moreover, both Dr. Reimer (Tr. 333) and Dr. Johnsen (Tr. 514) agree that Mr. Eby did not appear to be malingering.

In reaching the conclusion that the ALJ's decision not to give Dr. Reimer's opinion controlling weight cannot be upheld, the court does not rule that the ALJ was necessarily wrong to make this decision. Instead, the court finds that the ALJ has not sufficiently explained what

---

[1] This statement does not apply, of course, to situations where the record contains directly contradictory evidence showing inconsistencies. For example, if Dr. Johnsen and others had, with supporting medical evidence, expressly rejected the proposition that Mr. Eby would miss more than four days of work a month, the ALJ would have had clear substantial evidence justifying his decision. Here, however, the seeming inconsistencies cited by the R & R are not self evident. For example, it is not clear to the court why the fact that Mr. Eby had no swelling in his joints when Dr. Johnsen examined him would be inconsistent with Dr. Reimer's opinion that Mr. Eby would miss more than four days of work a month.

6

facts on the record lead him to make that conclusion. Accordingly, the court SUSTAINS Mr. Eby's objection to the R & R's recommendation and decides that the best solution is to remand this question to the Commissioner to give a further explanation as to the reasons that Dr. Reimer's opinion was not given controlling weight.

IV.     **Residual Functional Capacity**

Mr. Eby's last substantive objection is that R & R erred in recommending that the ALJ's findings regarding Mr. Eby's residual functional capacity be upheld.[2] Because the ALJ did not give sufficient reasons for declining to give Dr. Reimer's opinions controlling weight, the court SUSTAINS this objection.

As mentioned above, while the ALJ acknowledged that Dr. Reimer is a treating physician, the ALJ declined to give Dr. Reimer's opinions controlling weight at any step, stating that "the ALJ gives Dr. Reimer's opinions persuasive weight." (Tr. 32.) Yet in reaching this conclusion, the only explanation the ALJ gave was that Dr. Reimer's opinion that Mr. Eby would miss more than four days of work per month was unexplained an unsupported by the other evidence. But, as already explained above, without more explanation, the court is unable to find that this is a specific and legitimate reason to give Dr. Reimer's findings less weight.

Moreover, in reviewing the ALJ's residual functional capacity determination for Mr. Eby, it is unclear whether he gave Dr. Reimer's assessments any weight at all. It appears on the face

---

[2] While Mr. Eby first expressly argues that Dr. Reimer's opinions should have been controlling in his objections to the R & R, Mr. Eby's brief before Judge Alba on this point expressly relied on Dr. Reimer's opinions. Mr. Eby thus did not waive the argument that the ALJ should have relied on those opinions.

of the decision that the ALJ relied solely on Mr. Eby's self-reporting and Dr. Johnsen's assessments on this topic and referred only to Dr. Reimer's report for the one issue on which Dr. Reimer appeared to agree with Dr. Johnsen.

In sum, it is not clear to the court that the ALJ properly gave Dr. Reimer's opinions only persuasive weight. It is also not clear how much consideration the ALJ gave those opinions at all in determining residual functional capacity. If those opinions should have been controlling, the determination would need to affirmatively take them into account with that weight. Accordingly, this action is REMANDED to the Commissioner for further proceedings in line with this order.

## V. Other Issues

The court has sustained only two specific objections by Mr. Eby. Accordingly, the rest of the R & R is adopted as the court's order. But the Commissioner must keep in mind that the two sustained objections may have a wider impact than the two specific areas addressed here. That is because if the Commissioner finds on remand that there were not specific and legitimate reasons to decline to give Dr. Reimer's opinions controlling weight, other aspects of the decision may need to be revisited as well. Accordingly, if the Commissioner finds that controlling weight should be attached to Dr. Reimer's opinions, the Commissioner is instructed to explain if those opinions affect the determinations made at other steps, and if so, how. If the Commissioner concludes that other determinations need to be adjusted, the Commissioner should do so.

Finally, Mr. Eby suggests that Judge Alba's denial of his request for oral argument was grounds to reject the R & R. Mr. Eby cites no legal authority for that proposition, and the court

is unaware of any. In fact, this court has also determined that under DUCivR 7-1, oral argument was not needed to resolve the objections.

## CONCLUSION AND ORDER

For the reasons discussed above, the court SUSTAINS in part and OVERRULES in part Mr. Eby's objections to the R & R and REMANDS this action to the Commissioner for the Social Security Administration for further proceedings in line with this Order

DATED this 15th day of February, 2011.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge